# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| CURTIS LAMAR DAVIDSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:23-cv-78-ACA-GMB |
| STATE OF ALABAMA, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on July 13, 2023 recommending that the court deny and dismiss with prejudice as untimely Petitioner Curtis Lamar Davidson's 28 U.S.C. § 2254 petition for writ of habeas corpus. (Doc. 11). This matter is before the court on a review of Mr. Davidson's objections to the report and recommendation. (Doc. 12).

The court notes that although Mr. Davidson signed and filed the objections, both the factual statements and legal arguments are those of Matthew Sherman Phillips, a paralegal and Mr. Davidson's fellow inmate. (*See* doc. 12). Mr. Phillips asserts that Mr. Davidson "does not know a time limitation of 1 year" because he is "borderline mentally retarded" or "severely intellectually disabled." (Doc. 12 at 1–2) (emphasis omitted). Based on this assessment, Mr. Phillips opines that Mr. Davidson meets the criteria in *Hunter v. Ferrell*, 587 F.3d 1304 (11th Cir. 2009)

and, as such, the court should equitably toll the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") one-year limitations period. (*Id*.).

As an initial matter, the court cannot consider Mr. Phillips's statements and legal argument because as a non-attorney, he cannot represent Mr. Davidson. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). But even if the court could consider the objections that Mr. Phillips drafted, his arguments are not persuasive, and the court **OVERRULES** the objections.

A petitioner's mental incapacity may support a request for equitable tolling if the petitioner establishes a causal connection between his alleged mental incapacity and his ability to timely file his § 2254 petition. *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005); *Hunter*, 587 F.3d at 1308. However, a contention that a petitioner has a mental impairment, "without more, is insufficient to justify equitable tolling." *Lawrence*, 421 F.3d at 1227. The question is whether the petitioner "presented sufficient evidence to create a factual issue as to a causal connection between his mental incapacity and his ability to file a timely § 2254 petition." *Hunter*, 587 F.3d at 1308.

Other than Mr. Phillips's statement in the objection, there is no evidence in the record of Mr. Davidson's alleged mental deficiency. Mr. Davidson's mental

abilities and/or disabilities were never at issue in his state case. In fact, there is no indication or evidence that Mr. Davidson had any sort of mental impairment or diminished mental functioning. (*See* docs. 8-1 at 75–200; doc. 8-2 at 1–90). Mr. Davidson coherently and logically testified at his sentencing hearing. (*See* doc. 8-2 at 111–12). And Mr. Davidson's attorney represented him for "five or six years," and there is no evidence that he questioned Mr. Davidson's mental abilities. (Doc. 8-2 at 102).

On direct appeal in Mr. Davidson's state case, his attorney filed a brief invoking *Anders v. California*, 386 U.S. 738 (1967) and represented to the court that he did not find any non-frivolous issues that would entitle Mr. Davidson to relief. (Doc. 8-3 at 10, 20–22). In his brief, the attorney never mentioned that Mr. Davidson had any type of mental impairment. In response to the *Anders* brief, the Alabama Court of Criminal Appeals ordered Mr. Davidson "to serve this Court with a list of each and every point or issue that [he] wants considered in this appeal." (Doc. 8-4 at 1). Mr. Davidson filed a response and presented six issues, none of which had anything to do with a mental impairment. (Doc. 8-5). And Mr. Davidson did not raise the issue of his competency or mental impairment in his federal habeas petition. (*See* doc. 1).

The record here is unlike that in *Hunter*. In *Hunter*, the evidence included a doctor's competency report which showed that: (1) the petitioner "was diagnosed

3

with chronic, irreversible mental retardation;" (2) the petitioner had "a full scale IQ score of 59, which is at the low-end of the mildly retarded range;" (3) the petitioner's IQ was "lower than ninety-nine percent of the population;" (4) the petitioner's "mental retardation moderately to severely impair[ed] his judgment, insight and problem-solving skills, which make[d] him unable to function independently;" (5) the petitioner was illiterate; and (6) the petitioner suffered "from severe expressive speech aphasia which ma[de] it difficult for him to communicate intelligibly." 587 F.3d at 1308–09. The Eleventh Circuit found that this evidence "strongly suggest[ed]" that the petitioner's "well-documented, irreversible mental retardation [wa]s severe enough that" the petitioner, "by himself, [wa]s not able to understand and comply with AEDPA's filing requirements and deadlines." *Id.* at 1309. Because the petitioner's evidence of his significant, irreversible mental retardation and illiteracy raised a factual issue as to whether his mental impairment affected his ability to timely file a federal petition, the Court remanded the petition to the district court for further proceedings on the petitioner's equitable tolling claim. *Id.* at 1309–10.

The statements offered by Mr. Phillips in Mr. Davidson's objection do not meet the standard set by *Hunter*. And in fact, the Eleventh Circuit has rejected equitable tolling claims where a petitioner presented more evidence than that provided in Mr. Davidson's objection. For example, in *Lawrence*, the Eleventh

4

Circuit found that the petitioner's documentation through medical reports of an IQ of 81 and a contention he had "suffered from mental impairments his entire life," alone, were "insufficient to justify equitable tolling" because the evidence did not establish a factual issue as to the causal connection between the petitioner's alleged mental incapacity and his ability to timely file his petition. 421 F.3d at 1226–27

After careful consideration of the record in this case and the Magistrate Judge's report, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the petition for writ of habeas corpus is due to be **DISMISSED WITH PREJUDICE**. The court will enter a final judgment.

Rule 11 of the Rules Governing § 2254 Petitions requires the court to issue or deny a certificate of appealability when the court enters an order adverse to the petitioner. Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts. This court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted). The

court finds that Mr. Davidson has not satisfied either standard. Accordingly, the court **WILL DENY** a certificate of appealability.

    **DONE** and **ORDERED** this August 17, 2023.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE